NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILSON RIBEIRO,

    Petitioner,

    v.

LUIS SOTO, *et al.*,

    Respondents.

No. 26cv3898 (EP)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Petitioner Wilson Ribeiro brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging his detention by immigration authorities without a bond hearing is unlawful and in violation of his liberty interest under the Due Process Clause of the Fifth Amendment. D.E. 1 ("Petition" or "Pet."). Following the filing of the Petition, the Court entered an order for Respondents to file an expedited answer in opposition to the Petition or, alternatively, to release Petitioner. D.E. 3. Respondents filed an answer opposing the Petition. D.E. 6 ("Answer"). Petitioner then filed a reply in support of the Petition. D.E. 7 ("Reply"). Petitioner also filed a letter request for expedited consideration. D.E. 8 ("Letter Request").

The Court decides the Petition without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). For the reasons explained below, the Court will **GRANT** the Petition and order Petitioner's release.

I.    **BACKGROUND**

Petitioner is a citizen of Brazil who entered the United States on September 25, 2015, at the Paso Del Norte Port of Entry in El Paso, Texas, via Primary Pedestrian Processing. D.E. 5-3, Ex. 3 at 2 ("Form I-831"). Upon inspection, Petitioner requested asylum and was processed for

expedited removal with credible fear. *Id.* at 3. The same day, a Customs and Border Patrol Officer ("CBP Oficer") completed the top portion of Form I-860,[1] indicating that Petitioner was subject to expedited removal. D.E. 1-4, Ex. B ("September 25, 2015, I-860"). On September 26, 2015, Petitioner was paroled under the Immigration and Nationality Act § 212(d)(5)(A), codified as 8 U.S.C. § 1182(d)(5)(A) ("INA"). D.E. 1-8, Petition, Ex. F at 3 ("Parole Documents").

According to Department of Homeland Security ("DHS") records, Petitioner filed an asylum application on June 3, 2022, and the case was marked "ADMINISTRATIVE CLOSED-IJ JURISDICTION[.]" D.E. 1-3, Ex. A ("January 20, 2026 I-213"). Petitioner's asylum application was dismissed as of November 19, 2025, and all processing of his asylum application was terminated. *Id.* Petitioner was informed that "[t]his dismissal does not affect the validity of any parole or other release document." *Id.* at 2. Several years later, on January 20, 2026, Petitioner was summoned to attend a credible fear interview at the Newark, New Jersey asylum office. D.E. 5-2, Ex. 2 ("Notice of Lack of Jurisdiction"). The Notice of Lack of Jurisdiction informed Petitioner that pursuant to his Form I-860, he was in expedited removal proceedings and, therefore, U.S. Citizenship and Immigration Services ("USCIS") did not have jurisdiction over his pending asylum application. *Id.* at 1. An asylum officer would, however, hear Petitioner's claim of credible fear of removal pursuant to 8 C.F.R. § 208.30. *Id.*

The DHS issued an administrative arrest warrant for Petitioner on January 20, 2026, and he was detained after his appointment at the Newark asylum office. D.E. 5-4, Ex. 4 ("Jan 20, 2026, I-200"). The warrant indicated that removal proceedings were ongoing. *Id.* DHS issued a Record

---

[1] "If the Inspector determines that the alien is subject to expedited removal pursuant to section 235 of the INA, he or she completes the top portion of Form I- 860, Notice and Order of Expedited Removal." Credible Fear Procedures Manual (CFPM) at 6/60, available at https://www.uscis.gov/sites/default/files/document/guides/CredibleFearProceduresManual.pdf (last visited May 8, 2026).

of Deportable/Inadmissible Alien Form I-213 that day, which states Petitioner entered the United States *without inspection* in September 2015, and an asylum application filed on June 3, 2022, was administratively closed.  D.E. 1-3, Ex. A at 2–3 ("January 20, 2026, I-213") (emphasis added).  Petitioner was detained pending a hearing before an immigration judge ("IJ").  *Id.* at 4.

Prior to a hearing before an IJ, on January 23, 2026, an asylum officer determined Petitioner did not have a credible fear to support his asylum application, and Petitioner requested review of that decision by IJ.  D.E. 1-5, Ex. C ("January 23, 2026 I-869"); Pet. ¶ 21.  On February 5, 2026, IJ Michael Neal vacated the negative credible fear determination because the I-860 was incomplete.  D.E. 1-6, Ex. D ("February 5, 2026 IJ Order").

On February 19, 2026, Petitioner requested a custody determination under 8 C.F.R. § 1236, which IJ Shana Chen denied because Petitioner "is an arriving alien" and the immigration court lacked authority to hold a bond hearing.  D.E. 1-9, Ex. G ("February 19, 2026 IJ Order").  On March 26, 2026, Petitioner was issued a Notice to Appear, which set a hearing for removal proceedings on April 9, 2026.  D.E. 5-5, Ex. 5 at 1 ("March 26, 2026 Notice to Appear" or "NTA").  On the NTA, the box for "arriving alien" is not checked.  *Id.* at 1.  Instead, the checked box states: "You are an alien present in the United States who has not been admitted or paroled."  *Id.*

Petitioner filed this Petition on April 14, 2026.  Pet.  In sum, Petitioner contends:  (1) he is not properly detained under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2); (2) that only 8 U.S.C. § 1226(a) can authorize his detention; and (3) his re-detention without process was unconstitutional.  Pet. ¶ 3.  Respondents oppose relief, arguing that Petitioner is lawfully detained without bond under 8 U.S.C. § 1225(b)(1)(B)(ii) because he was:  (1) apprehended at a port of entry at or near the border; (2) placed into expedited removal proceedings; and (3) established credible fear for an asylum claim.  Answer at 2.  Respondents argue that Petitioner's parole and later re-detention does not

3

change ICE's detention authority from § 1225(b)(1) to § 1226(a). *Id.* at 3. Finally, Respondents maintain that mandatory detention for 83 days (and counting) does not violate due process. *Id.*

In Reply, Petitioner asserts he was never lawfully placed in expedited removal proceedings because the 2015 expedited removal order was incomplete and, therefore, IJ Chen vacated those proceedings in 2026. Reply at 1–2. According to Petitioner, the March 26, 2026 Notice to Appear does not indicate that it was issued after a credible fear finding or after an expedited removal order was vacated. *Id.* at 2.

## II.    LEGAL STANDARD

"For core habeas petitions" such as one seeking immediate release from detention, "jurisdiction lies in only one district: the district of confinement." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025). This Court has jurisdiction over Petitioner's challenge to his detention by immigration authorities. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). Petitioner contends he has been misclassified for mandatory detention under § 1225(b)(1), and that he can only be detained under § 1226(a). Pet. ¶¶ 3, 26, 52–54, 75.

8 U.S.C. § 1225(b)(1)(B)(ii), applicable to "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" who are subject to a hearing by an asylum officer, provides: "[i]f the officer determines at the time of the interview that an alien has a credible fear of persecution . . . the alien shall be detained for further consideration of the application for asylum." Another basis for detention, 8 U.S.C. § 1226(a), governs "apprehension and detention of aliens" and provides:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

## III.    ANALYSIS

This case, in which Petitioner was initially inspected upon entry into the United States, claimed asylum, and was paroled and re-detained years later, requires interpretation of the statutory interpretation governing immigration detention authority. Statutory interpretation begins by giving the words in a statute their ordinary meaning, unless otherwise defined by Congress. *Murrin v. Comm'r of Internal Revenue*, 158 F.4th 527, 531 (3d Cir. 2025). Courts find the ordinary meaning by reference to a dictionary in the context of the "whole statutory text, the purpose, and context of the statute, and relevant precedent." *Id.* (citation modified). Courts may also apply common sense to interpret a law for its obvious meaning. *Id.*

The issue here is whether Petitioner is subject to mandatory detention because he is either (1) an "arriving alien" under 8 U.S.C. § 1225 or (2) an "alien who has not been admitted or

paroled," under § 1225(b)(1), and more specifically under § 1225(b)(1)(B)(ii), has been determined by an immigration officer to have a credible fear of persecution, and must be detained for further consideration of an application for asylum.

The Court begins with the obvious, common-sense approach to the meaning of § 1225(b)(1)(B)(ii). Petitioner arrived in the United States on foot at a port of entry through Primary Pedestrian Processing and requested asylum from the first CBP Officer he encountered, who then escorted him to "Passport Control Secondary for further inspection and processing." September 25, 2015 I-213 at 2. Petitioner was interviewed by CBP Officer Airam E. Huntsman and found to be "in violation of section 212(a)(7)(A)(i)(I) of the INA, and was processed for Expedited Removal with Credible Fear[.]" *Id.* at 3. "Forms I-860 and I-296 were prepared" and Petitioner was served with Form M-444. *Id.* From there, he was transferred to a processing center. *Id.* The top portion of Petitioner's I-860, "Determination of Inadmissibility," is signed by CBP Officer Huntsman. D.E. 1-4 at 1. The bottom portion of the form, "Order of Removal under Section 235(b)(1) of the Act[,]" is unsigned and the certificate of service is blank. *Id.*

The record does not contain a positive or negative credible fear determination that arose from Petitioner's referral to an asylum officer on September 25, 2015. The only documentation of what occurred next is a parole document dated September 26, 2015, with an expiration date of December 31, 2025. D.E. 1-8. Petitioner was paroled under 8 U.S.C. § 1182(d)(5)(A), which provides:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

"An alien whose inadmissibility is being considered or who has been ordered removed" under 8 U.S.C. § 1225(b) "shall be detained pending determination and removal. Parole of such alien shall only be considered" under 8 U.S.C. § 1182(d)(5) and 8 C.F.R. § 212.5(b), "in accordance with section 212(d)(5) of the Act and § 212.5(b) of this chapter." 8 C.F.R. § 235.3. Accordingly, Petitioner may have been paroled while his inadmissibility was being considered prior to a credible fear determination or for review by an IJ over a negative credible fear determination.

Petitioner was returned to custody in January 2026, but the question remains whether he was returned to custody under § 1182(d)(5)(A) because the DHS Secretary determined the purpose of his parole had been served or whether Petitioner was returned to custody for another reason. Petitioner's return to custody was preceded by a notice for him to appear at the Newark asylum office for a credible fear interview pursuant to 8 C.F.R. § 208.30,[2] after USCIS determined it

---

[2] 8 C.F.R. § 208.30(b) provides, in relevant part:

> (b) Process and authority. If an alien subject to section 235(a)(2) or 235(b)(1) of the Act indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer shall not proceed further with removal of the alien until the alien has been referred for an interview by a USCIS asylum officer in accordance with this section.

7

lacked jurisdiction over his prior asylum claim because he remained in expedited removal proceedings. D.E. 5-2 at 1. Petitioner's prior asylum application was dismissed as of November 19, 2025. *Id.* The Notice of Lack of Jurisdiction states that "this dismissal does not affect the validity of any parole." Based on this statement, the Court concludes that DHS did not determine that the purpose of Petitioner's parole had been served when it summoned him for a credible fear interview on January 20, 2026. Therefore, he was not re-detained under § 1182(d)(5)(A).

Petitioner was detained pursuant to an arrest warrant on January 20, 2026. The warrant is addressed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." *Id.* The immigration officer who signed the warrant determined there was probable cause to believe Petitioner is removable from the United States based on a biometric and records check and/or statements made voluntarily to an immigration officer or other reliable evidence. *Id.* Section 236 of the INA is codified at 8 U.S.C. § 1226, and subsection (a) permits an alien to be arrested and detained on a warrant "pending a decision on whether the alien is to be removed from the United States." Such detention is discretionary because the Attorney General may release the alien on bond or conditional parole. *Id.* § 1226(a)(2). Therefore, Petitioner was detained under § 1226(a). However, he was denied a bond hearing on February 19, 2026, which makes his detention unlawful. *See* February 19, 2026 IJ Order.

The conclusion that Petitioner is detained under § 1226(a) is bolstered by the March 26, 2026 NTA, which alleges that Petitioner is an alien present in the United States and who has not been admitted or paroled. While this allegation is contrary to Petitioner's parole document, it establishes that Petitioner's current detention is not premised on his status in 2015 as an "arriving alien[.]" *See*, *e.g.*, *Maiemurzhon Imanov v. JL Jamison, Warden, FDC Phila.*, No. 26-2204, 2026

WL 1164682, at *4 (E.D. Pa. Apr. 29, 2026). If Petitioner's present detention was premised on § 1225(b)(1)(B)(ii), as the Government contends, the box for "You are an arriving alien" would be checked. Moreover, "[t]he plain meaning of the word 'arriving' is being 'in the process of reaching a destination.'" *Id.* (citation modified). Petitioner was no longer arriving in the United States when he was detained in January 2026.

Based on the plain language of § 1225(b)(1)(B)(ii), § 1226(a), and the records of immigration proceedings before the Court, the Court concludes that Petitioner is unlawfully detained under § 1226(a) because he was denied a bond hearing. *See Bashir K. A. v. Klang*, No. 25-4559, 2026 WL 452353, at *3 (D. Minn. Feb. 17, 2026) (citing *Coal. for Humane Immigrant Rts. v. Noem*, No. 25-872, 2025 WL 2192986, at *5 (D.D.C. Aug. 1, 2025) ("an 'arriving alien'" subject to detention under § 1225(b)(1)(B)(ii), "is a noncitizen 'who is arriving in the United States' and is either ordered removed without further hearing and review or an alien who indicates an intention to apply for asylum or expresses a fear of persecution")).

## IV.    CONCLUSION

For the reasons explained above,

**IT IS**, on this **21st** day of May 2026,

**ORDERED** that the Petition, D.E. 1, is **GRANTED**; and it is further

**ORDERED** that Respondents release Petitioner within **24 hours** of this Memorandum Order and file a written notice of Petitioner's release within **three days**.

_____
Evelyn Padin, U.S.D.J.

9