<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILSON RIBEIRO, <br><br> Petitioner, <br><br> v. <br><br> LUIS SOTO, *et al.*, <br><br> Respondents. | No. 26cv3898 (EP) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

Petitioner Wilson Ribeiro brings this unopposed Motion to Seal an exhibit filed in support of his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. D.E. 8 ("Motion to Seal"). For the reasons explained below, the Court will **GRANT** the Motion to Seal pursuant to Local Civil Rule 5.3(c)(3).

## I.      LOCAL CIVIL RULE 5.3(c)(3)

Motions to seal or otherwise restrict public access to judicial proceedings are governed by District of New Jersey Local Civil Rule 5.3(c). A motion to seal must be accompanied by an affidavit or other document signed under penalty of perjury by someone with personal knowledge, who must provide the following information: (1) "the nature of the materials or proceedings at issue;" (2) "the legitimate private or public interest which warrants the relief sought;" (3) "the clearly defined and serious injury that would result if the relief sought is not granted;" (4) "why a less restrictive alternative to the relief sought is not available;" (5) "any prior order sealing the same materials in the pending action;" and (6) "the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

## II.   DISCUSSION

### A.   Findings of Fact

Based on Petitioner's unopposed Motion to Seal and the accompanying declaration from his counsel, Rebecca Hufstader, Esq., D.E. 8-1 ("Hufstader Decl."), in support thereof, the Court makes the following findings of fact:

1.   The nature of the material to be sealed is Petitioner's wife's medical record, D.E. 7-1 ("Exhibit 1"), filed in support of Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking his release from unlawful detention by immigration authorities.  D.E. 1 ("Petition").

2.   Petitioner's wife has a legitimate private interest in maintaining medical privacy over her sensitive health information.

3.   Serious injury would result to Petitioner's wife if her medical condition and health status were made available to the public.

4.   The entire document to be sealed is a medical record, therefore, there is no alternative to sealing the document to maintain Petitioner's wife's medical privacy.

5.   There are no prior orders sealing this medical record in this action.

6.   There are no objections to sealing the medical record at issue.

### B.   Conclusions of Law

Courts must balance the public interest in access to judicial proceedings against the private interest in confidentiality and determine good cause for sealing a document.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  In balancing the public and private interests, courts must make factual findings for the record.  *Id.*  The public has an interest in the subject matter of this litigation: Petitioner's allegation that he is unlawfully detained by immigration authorities in

2

violation of his right to due process.  In support of his request for release from custody, Petitioner submitted his wife's medical record, the material to be sealed, to establish the hardship on his wife caused by his detention.  While the public has an interest in the factors courts consider in fashioning relief for an immigration detainee's habeas petition alleging unlawful detention, there is a weightier constitutional right to privacy in one's medical information.  *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001).

Failing to seal the medical record deprives Petitioner's wife of her constitutional right to medical privacy, whereas sealing the record deprives the public only of the particular medical condition at issue, while permitting access to the Court's consideration of Petitioner's wife's medical condition as a factor in determining appropriate relief for Petitioner's alleged unlawful detention.  Respondents do not oppose sealing the medical record at issue.  Therefore, the Court holds the private interest in sealing the document outweighs the public interest in access to the document.

## III.    CONCLUSION

Accordingly,

**IT IS**, on this **21ˢᵗ** day of May 2026,

**ORDERED** that Petitioner's Motion to Seal, D.E. 8, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **maintain under seal, D.E. 7-1, Exhibit 1**; and it is further

**ORDERED** that the Clerk of Court serve this Memorandum Order on the parties electronically.

Evelyn Padin, U.S.D.J.

3